658

SECOND DEPARTMENT, APRIL, 1977

(April 11, 1977)*

■ MARIA GOMES, Plaintiff v JOAO C. GOMES, Defendant. (Action No. 1.) MARIA GOMES, Respondent v JOAO C. GOMES, Defendant, and RAMIRO D. BARARO, Appellant, et al., Respondent. (Action No. 2.)—In an action, *inter alia,* to impress a constructive trust on certain real property (Action No. 2), defendant Barao (erroneously sued as "Bararo") appeals from (1) an order of the Supreme Court, Westchester County, dated October 5, 1976, which

---

* Not published with other decisions of April, 11 1977, 57 AD2d 563. [Rep.

referred his motion to, *inter alia,* vacate a default judgment to another Justice of the court and (2) an order of the same court, dated October 26, 1976, which, upon referral, denied the motion. Orders reversed, on the law and in the interest of justice, motion to vacate the default judgment in Action No. 2 granted, and the order of June 14, 1976 appointing a receiver pursuant to CPLR 5106 is vacated in its entirety, without costs or disbursements, and without prejudice to the commencement of an action by plaintiff for an accounting and/or for the partition of the subject real property. Plaintiff Maria Gomes commenced an action to impose a constructive trust on one half of the interest of her husband, Joao Carlos Gomes, in real property which the latter owned together with his business partner, Barao. In Action No. 2, in equity, Barao was named codefendant with Joao Carlos Gomes, and the former defaulted. While the plaintiff is undoubtedly entitled to postjudgment enforcement remedies, this court is of the belief that the appointment of a receiver pursuant to CPLR 5106 presents too many practical difficulties to constitute a viable solution of her enforcement problems. The correct procedure is an action for an accounting and/or a proceeding for the partition of the real property. Accordingly, defendant Barao's motion to vacate the default judgment should have been granted and the order appointing a receiver vacated in its entirety. Margett, J. P., Shapiro, Titone and O'Connor, JJ., concur.